PER CURIAM.
^Denied. Relator fails to show entitlement to' DNA testing. La.C.Cr.P. art. 926.1. Relator also fails to demonstrate he was denied the effective assistance of cbunsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) or that he entered his guilty pleas involuntarily. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application. . .
Relator has now fully litigated his application for post-conviction relief in. state court. Similar to federal habeas relief,,see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against' successive filings mandatory. Relator’s' claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive | ^application applies, relator has exhausted his right to state collateral review. The District, Court is ordered to record a minute entry consistent with this per curiam.
ATTACHMENT
*139 [[Image here]]
ORDER
[[Image here]]
CONSIDERING Mr. Marcel’s application for "Post Conviction Relief1.”
IT IS HEREBY ORDERED that Mr. Marcel is not entitled to relief as all material questions of &ct and law presented were resolved based on the fece of the petition and record negating the need for an evidentiary hearing. This application for Post Conviction Relief failed to demonstrate ineffective assistance of counsel.
THUS, Mr. Marcel’s petition is DENIED.
SIGNED.tMs 1st day of April, 2015, Houma, Louisiana
[[Image here]]
*140 -L
STATE Oír LOUISIANA 32* JUDICIAL DISTRICT
VERSUS PARISH OF TEmmOME
TRavis marcell STATE OF LOUISIANA
DOCKET NUMBER. 630,898 DIVISION “A”
[[Image here]]
REASONS TOR JUD GMEMT DENYING TETnTONER’S MOTION FOR POST CONVICTION RELIEF
[[Image here]]
Upon information and belief, Petitioner, Travis MareeU, asserts that be has a meritorious constitutional claim to yacate his conviction and sentence. He pled guilty on March, 13, 2013. (Petit PCR pgl) Petitioner pled guilty to aggravated incest, a violation of La. R.S,14:78.1, and indecent behavior with a juvenile, a violation of ⅛ R.S. 14:81. He was sentenced to twenty years suspended upon serving fifteen years at the Department of Corrections with five years of supervised probation fiom the moment of release, (Pet’r Felony Boylcta Form) Petitioner argues that he received ineffective assistance of counsel in violation of the Federal Constitution’s Sixth Amendment and corresponding provision of the Louisiana Constitution.
Petitioner alleges counsel Med to properly defend petitioner on two specific occasions, First, Counsel failed to object when the trial court did not advise him of his rights in open court. Second, Counsel 'failed to submit the results of a DNA tost which allegedly established his innocence. After review and consideration, the trial court believes that aft material questions of fact and law can properly be resolved without an evidentiary hearing based solely upon the record. La. C.Cr.P. 928.
LAW'. Sixth Amendment and StrickUmi
The Sixth Amendment guarantees that “[ijn all criminal prosecutions, the accused shall enjoy the right., .to have assistance of counsel for hjs defense.” LI.S. Const amend. VI. This guarantee “safeguards...fundamental human rights of life and liberty.” Johnson v. Zerbest, 304 U.S. 458, 462 (1938). It is tire very reason why "appointment of counsel for an indigent is required at every stage of ⅝ criminal proceeding where substantial rights of accused may be affected." Mempa v. Rhay, 389 U.S. 128, 134, (1967).
Ineffective assistance claims are determined under Strickland’s two-prong test. Strickland v. Washington, U.S. 668, 685 (1985). Court defines “the benchmark for judging any claim of ineffectiveness must be whether counsel’s conduct so undermined foe proper Motioning of the adversarial process that foe trial cannot be relied on as having produced a just result.” Id. 686- *141 627 (1984). ⅛ summary, Me Petitioner musí meet te Mgh burden establishing “Mat counsel’s performance was deficient” and Aat “Ais deficient performance prejudiced Ms defense,” State v. Pratt, 26,862 (La. App. 2 Cir. 1995).
_L
Under Strickland's first prong, deficiency turns on whether counsel was reasonably Competent, “not perfect” Yarborough v. Gentry, 540 U.S. 3, 8 (2003). The reasonableness of an attorney is determined by "professional norms?’ which fells within a "wide range of professional assistance.” Strickland, U.S. 668, 688 (1984); Kimmelman v. Morrison, 477 U.S. 365 (1986). When evaluating fee reasonableness-standard as applied to Ineffeotive assistance of counsel; tho Court will undertake “a detailed, examination of the specific feots and circumstances of the case. This is necessary,,.because effectiveness of counsel cannot be defined in a vacuum, but rather requires an individual, fact-specific inquiry.” State v. Pearl, 621 So. 2d 780, 788 (La.1993).
Strickland's second prong requires the Petitioner to establish that counsel’s objectively unreasonable performance prejudiced fee petitioner a fait trial. Prejudice is present when “reasonable probability existed that, absent errors, the fectSnder would have had a reasonable doubt respecting guilt.” Kimmelman, 477 U.S. 365, 380 (1986); see also Strickland, U.S. 668. 695 (1984). The Court in Strickland defines reasonable as “probability sufficient to undermine confidence in tho outcome.” Id. At 694. This standard requires more than a mere probability that the defendant would more likely than, not the have received a different verdict Id. at 694; Jones v. Cain, 151 So.3d 781,793 (2014). It demands a showmg that the prejudice "undermines Ae confidence of tho outcome,” Id.

Claim One; Counsel Ineffectively OidNot Object to Trial Court's Failure to Advise

Petitioner alleges feat Counael did not object to trial court's lack of advisement as to his Boykin rights 'at ⅛8 time of Ms guilty plea. In felony oases, trial court has a general duty not to accept guilty pleas without (1) first addressing Ae defendant personally in open court, (2) informing Mm of Ms rights and (3) determining he understands Ms rights. La. C.Cr.P. Art. 556.1. The Constitution reqttires'tbat a guilty plea be recorded showing that Ae defendant was informed \ of and waived his constitutional right agajnst compulsory seif-incrimination, Ae right to trial by jury, and Ae right to confront one's accusers. State v. Russell, App. 2 Cir.2011, 73 So.3d 991, 46,426 (La.App. 2 Cir. 8117/11), writ denied 82 So.3d 270,2011-2020 (La. 2/10/12). To find Counsel ineffective Petitioner must establish that Ms counsel was deficient or unreasonably incompetent for not objecting to trial court’s feilure to advise petitioner of his rights.
*142 -k
However, here, on March 13,2013, the trial court did advise petitioner of his rights. The trial court went tough a detailed colloquy with the petitioner advising him of his rights and determining Ms awareness to voluntarily plea to the aforementioned offenses. The transcript of the guilty plea colloquy reflects Petitioner’s understanding of his Boykin rights and that by pleading guilty he is waiving his right to trial by jury, his right to confront his accusers, and his right against self-jncrimination. Furthermore, the Petitioner established tee waiyers were Knowing and voluntary, Ho articulated that he could read and write the English language. He affirmed his waiver specifically when (l)with his attorney he renewed'and signed a written acknowledgment, (2) orally confirmed his waiver during Ms colloquy and (3) his attorney attested to the aboveprentioned acts, Each of tee acts indicates that the Petitioner was properly inton'd and aware of his waiver of the Boykin triad. Therefore, Counsel was not deficient since the guilty plea- colloquy was properly held and conducted, on March 13,2013.
' Vet, petitioner specifically alleges that his main right to ajudge trial was not pronounced prior to Mm accepting Ms guilty plea. The Louisiana Supreme Court has held that advice as to the rightto choose between ajudge trial or jury trial is not a constitutional requirement for a valid plea of guilty. State v. Baninas, 28 So.3d 1132 (La, App. 5 Cir. 2009). Furthermore, Louisiana courts expressly refuse to broaden the Boykin advisement to include all rights defendant may waive or any potential consequences of a guilty plea. Id Therefore, counsel’s failure to object to the trial court’s omission regarding ajudge trial does not rise to the Strickland standard of ineffective assistance of counsel.
This assignment of error is wi&out merit and is denied,

Claim Two; Counsel Failed to Submit DNA Results Establishing Petitioner's Innocence

PefMoher's counsel was not ineffective for failing to submit DNA results to trial court. Any DNA results would nothave exonerated the Petitioner. Petitioner pled guilty to 14:78.1: Aggravated Incest Aggravated! incest is codified gs “lewd fondling or touching of the person of ei&erthe child or &e person." La.C,Cr,p. 14:78.1. Here, &e Petitioner confessed to grabbing Ms step-dattghter’s breast, touching her outer genitalia, and digitally penetrating her inner genitalia, (Prosecution: Notice of Intent to Use Inculpatory Statements, pg9,11,29,40). Therefore, Counsel was not deficient for failing to provide DNA results.
This assignment is wi&out merit and is denied.
*143 _k
Petitioner’s Post Conviction Application is DENIED.
Signed the 1 day of-April, 2015 in Houma, Louisiana,
[[Image here]]